STATE OF NEBRASKA, APPELLEE, v. CHARLES BATCHELOR, APPELLANT.

214 N. W. 2d 276

Filed January 18, 1974. No. 39076.

Richard H. Hoch and Richard J. Wegener of Swarr, May, Smith & Andersen, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before SPENCER, SMITH, NEWTON, and CLINTON, JJ., and MURPHY, District Judge.

PER CURIAM.

Defendant was convicted of the sale of lysergic acid diethylamide commonly referred to as LSD. Only one tablet was available for testing. Error is alleged in overruling a motion to suppress evidence of chemical tests to which the tablet was subjected made on the ground that a portion of the tablet should have been retained and made available for defendant's use. The defendant was placed on probation. We affirm the judgment.

The State called as a witness the chemist for the state laboratory who had analyzed the tablet. This witness testified that the tablet did contain LSD and described the several tests made to determine this. He stated that one tablet constituted a bare minimum required for a reliable analysis and that use of a smaller amount would render the result questionable. After the tests were completed, the LSD in the residue was

broken down, could not be preserved, and was unfit for further testing.

Of the two chemists called by the defendant, one stated half the tablet was sufficient for analysis and the other half could have been preserved, but admitted that better results could be obtained by using the entire tablet and that the volume of work handled in the state laboratory rendered it extremely difficult to take extra measures and retain residuals. He also conceded that the chemist called by the State was competent. Defendant's second chemist was in almost total disagreement with the State's witness on the subject of amounts required for analysis and the possibility of preserving and using residues for additional tests.

Obviously the evidence is conflicting. Under such circumstances it is for the District Court to determine whether or not the defendant was wrongfully or negligently deprived of a right to have the tablet analyzed. In this instance the court found that the defendant was not negligently or intentionally deprived of a right to analyze the tablet. This was not an abuse of discretion.

The rule adopted in State v. Brodrick, 190 Neb. 19, 205 N. W. 2d 660, is not applicable here. In that case a different substance was analyzed and it was apparent, indeed conceded, that the residue could have been preserved and further used for analytic purposes.

Defendant also argues suppression of the evidence because of a graph obtained in one of the tests but not preserved. Section 29-1912(1) (e), R. S. Supp., 1972, provides for discovery of: "The results and reports of physical or mental examinations, and the scientific tests, or experiments made in connection with the particular case, or copies thereof; . . . ." Section 29-1919(3), R. S. Supp., 1972, permits suppression of tests for failure to allow discovery.

No specific request for the graph was made in the discovery motion and it was stipulated that "results

of the laboratory tests, investigations, and experiments" were produced and copies given to defendant. No further request was made.

The assignments of error by defendant are not well taken, and the judgment is affirmed.

AFFIRMED.

Adopted by the court before January 1, 1974.

MURPHY, District Judge, concurs in the result.

SPENCER, J., concurring.

I agree with the result reached in the opinion. However, I call attention to section 29-1912(1) (e), R. S. Supp., 1972, which provides for discovery of: "The results and reports of physical or mental examinations, and the scientific tests, or experiments made in connection with the particular case, or copies thereof; * * *." Section 29-1919 (3), R. S. Supp., 1972, permits the suppression of tests for failure to allow discovery. In my judgment, the graph and other evidence of the results of scientific tests should be preserved. In drug cases where the substance seized may be used up in the test, the defendant should be permitted to check the work sheets. In the future, I would suppress such evidence if the work sheets are not preserved. Such suppression appears to be the only reasonable and effective sanction available.

SMITH, J., concurs with SPENCER, J.